UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PENNY HENDERSON** | **CASE NO.  2:23-CV-00090** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BOYD RACING LLC** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (ECF No. 27), filed by the defendant, Boyd Racing LLC, d/b/a Delta Downs Racetrack ("Delta Downs"). The plaintiff, Penny Henderson ("Ms. Henderson"), filed an opposition (ECF No. 29), and Delta Downs filed a reply (ECF No. 31).

After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED**.

### I. BACKGROUND

This case stems from Ms. Henderson's trip and fall at Delta Downs, a horse racing track in Calcasieu Parish, Louisiana. *See* ECF No. 1-2 at 4. Ms. Henderson was a food vendor, operating a food truck on the premises. *See* ECF No. 27-1 at 8. As she carried a large tray of rice from her car to her food truck, she tripped and fell on the ground. *See id.* at 9. Ms. Henderson contends that she tripped on shin-to-knee-high branches, *see id.* at 11 (quoting her deposition), that were "sticking out of the bushes," *see* ECF No. 29 at 2 (citing her deposition). She did not notice the branches before she fell. *See* ECF No. 27-1 at 1 (quoting her deposition). And she was not walking in a designated pathway. *See* ECF No. 32 at 2 (stipulation).

1

Having allegedly sustained injuries that later required surgery, *see* ECF No. 29 at 2, Ms. Henderson brought the instant suit in state court, seeking damages. *See* ECF No. 1-2 at 4–6. The action was removed to the jurisdiction of this Court on the basis of diversity. *See* ECF No. 1.

Delta Downs filed the instant Motion, averring that Ms. Henderson cannot show—among other things—an unreasonable risk of harm. *See* ECF No 27-1 at 20–25. This would be fatal to Ms. Henderson's claims. Furthermore, Delta Downs contends that Ms. Henderson has put forth no evidence that Delta Downs either created or had notice of the alleged branches. *See id.* at 25–30. Because these grounds are doubly sufficient to grant summary judgment, we need not belabor the others.

Ms. Henderson opposes the Motion, *see* ECF No. 29, and her arguments will be addressed in the analysis below.

## II.     LEGAL STANDARD

Summary judgment is appropriate when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Hyatt v. Thomas,* 843 F.3d 172, 177 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute is genuine if the summary judgment evidence is such that a reasonable jury could return a verdict for the [non-movant]." *Id.* (internal quotations omitted). In evaluating a motion for summary judgment, the court "may not make credibility determinations or weigh the

evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P USA Inc. v. Kerr-McGee Oil & Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (internal citations omitted).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson,* 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

### III. ANALYSIS

The Louisiana Merchant Liability Act, La. R.S. § 9:2800.6, establishes the plaintiff's burden of proof in trip-and-fall claims:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, *the claimant shall have the burden of*

*proving, in addition to all other elements of his cause of action, all of the following:*

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove exercise of reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
...

La. R.S. § 9:2800.6 (emphasis added). A plaintiff must prove each of the three elements set forth in the Act; this "places a heavy burden of proof on plaintiffs in claims against a merchant for damages arising out of a fall on the premises." *Jones v. Brookshire Grocery Co.*, 847 So.2d 43, 48 (La. App. 2 Cir. 5/14/03). Moreover, the burden of proof never shifts to the defendant. *Melancon v. Popeye's Famous Fried Chicken*, 59 So.3d 513, 515 (La. App. 3 Cir. 2011) (citing *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 1997)). Thus, the Act is a "decidedly pro-defendant statute." *Welch v. Winn-Dixie Louisiana, Inc.*, 655 So.2d 309, 314 (La. 1995).

The Court's analysis begins (and could end) with determining whether an unreasonably dangerous condition existed at all. Ms. Henderson surmises that her

fall was caused by certain branches protruding from a bush. *See* ECF No. 29 at 2 (citing her deposition). But all we have is her supposition; we have no summary judgment evidence showing any dangerous condition. *See Johnson v. Dolgencorp, L.L.C.,* No. 22-30173, 2022 WL 17409608, at *2 (5th Cir. Dec. 2, 2022) (affirming that plaintiff failed to show a hazardous condition existed in the context of a mystery pothole, finding that "Johnson has not adduced any photographic evidence or expert testimony to identify the pothole he allegedly fell into. His deposition testimony demonstrates uncertainty as to the characteristics of the alleged pothole."). Accordingly, "[t]o surmise that the [bush had an extended branch] would require the Court to rely on [Ms. Henderson's] own unsupported, conclusory allegations that [s]he did, in fact, trip on a [stray branch]. This the Court cannot do[.]" *King v. PetSmart LLC,* No. 3:21-CV-00225, 2023 WL 7930074, at *6 (W.D. La. Nov. 16, 2023) (citing *Alexander v. Hancock Bank*, 212 So. 3d 713, 718 (La. App. 4 Cir. 2/8/17)

Furthermore, even if the branch did exist in the manner that Ms. Henderson guesses it existed prior to the fall, it did not pose an unreasonable risk of harm anyway. This Court needn't veer from Judge Vance's helpful recitation of *why* in *Badeaux v. Louisiana-I Gaming*:

> Louisiana courts also recognize that grounds adjacent to a sidewalk, which are not intended to be used as a walkway, are not "expected to have a completely 'table-top' smooth surface." *Wood v. Cambridge Mut. Fire Ins. Co.*, 486 So. 2d 1129, 1133 (La. App. 2 Cir. 1986). "Yards can and usually do have irregularities and minor obstacles such a depressions, drains, faucets, trees, shrubs, and tree roots[,] and are not intended or designed for use as a walkway without observation and care as are sidewalks and designated walkways." *Id.* Accordingly, *courts have determined that alleged defects in landscaped areas, not designated as walkways, are open and obvious, and therefore do not present an*

5

> *unreasonable risk of harm to people exercising a reasonable amount of care. See, e.g., Alexander v. City of Lafayette*, 584 So. 2d 327, 328-29 (La. App. 3 Cir. 1991) (finding that an exposed tree root on the ground adjacent to the sidewalk did not present an unreasonable risk of harm); *Grossie v. MGM Properties, Inc.*, 269 So. 3d 921, 926 (La. App. 3 Cir. 2019) (holding that wood landscaping and metal stripping adjacent to a walkway were open and obvious); *Watts v. Scottsdale Ins. Co.*, 43 So. 3d 266, 269-70 (La. App. 2 Cir. 2010) (affirming a trial court's finding that a dark brown/green metal strip that lined a shady flower bed was open and obvious and thus not an unreasonably dangerous condition).

*Badeaux*, No. CV 20-2348, 2021 WL 5386136, at *4 (E.D. La. Nov. 18, 2021) (Vance, J.) (emphasis added). The record evidence shows, *see* ECF No. 27-3 at 16, and the parties stipulate, *see* ECF No. 32 at 2, that Ms. Henderson was not walking in a designated pathway when she fell.

"For these reasons, considering the factors outlined by Louisiana law, the Court finds that record evidence establishes that the [stray branch, if it existed in the first place,] was open and obvious. Therefore, [Delta Downs] had no duty to protect [Ms. Henderson] from the [branch]." *See Badeaux*, 2021 WL 5386136, at *6.

For the notice requirement, Ms. Henderson must make a "positive showing of the existence of the [branches]" for some time period "prior to the fall." *Leger v. Wal-Mart La. LLC*, 343 F. App'x 953, 954 (5th Cir. 2009). And on theme, "[m]ere speculation or suggestion is not sufficient to meet this burden, and courts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are no more likely than any other potential scenario." *Bagley v. Albertson's, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (cleaned up). Thus, in question is whether Ms. Henderson can, on this record, point to a genuine dispute of material

fact as to whether the alleged stray branches persisted for a period of time sufficient to support constructive notice. *See* La. R.S. § 9:2800.6(C)(1). She cannot.

Again, it is entirely unclear what branch, in what state, where, protruded from which bush, to contact Ms. Henderson. *See ante,* at 5. And accordingly, Ms. Henderson cannot show notice or creation, as is her burden under La. R.S. § 9:2800.6.

Last, *res ipsa loquitor* as pled, *see* ECF No. 1-2 at 5, is not applicable because "[t]he mere fact that [a] plaintiff slipped does not establish that a foreign substance or hazardous condition caused her fall." *See Encalade v. Schwegmann Giant Supermarkets, Inc.,* 95-0655, p. 6 (La. App. 4 Cir. 9/28/95); 662 So.2d 140, 143.

## IV. CONCLUSION

For the foregoing reasons, Delta Downs' Motion for Summary Judgment is **GRANTED**, and Ms. Henderson's claims against Delta Downs are **DISMISSED WITH PREJUDICE**. A judgment consistent with this ruling will issue accordingly.

**MONROE, LOUISIANA**, this 18th day of July, 2025.

_____
Terry A. Doughty
United States District Judge